UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIN OSBORN, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-01228 |
| | ) |
| v. | ) |
| | ) |
| THE CARLE FOUNDATION d/b/a CARLE HEALTH, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Erin Osborn ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The Carle Foundation d/b/a Carle Health ("Defendant"), and in support states as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

1

## PARTIES

4. At all times material to the allegations of this Complaint, Plaintiff, Erin Osborn, resides in Tazewell County in the State of Illinois.

5. At all times material to the allegations in this Complaint, Defendant, The Carle Foundation d/b/a Carle Health, is a corporation doing business in and for Peoria County whose address is 221 NE Glen Oak Avenue, Peoria, Illinois 61636.

6. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

9. Plaintiff worked for the Defendant as a Social Services Coordinator from in or around 2016, through on or about May 25, 2024.

10. Plaintiff was qualified for their position and was known to develop, meet, and exceed performance standards for Plaintiff's job title.

11. Plaintiff's primary responsibility included but was not limited to organizing and creating the internship program.

12. On or about May 17, 2024, Plaintiff took her mother to a doctor's appointment and reported back to work around 10 AM.

2

13. During this visit, Plaintiff submitted FMLA paperwork to the doctor in order to be able to provide the necessary care to Plaintiff's mother.

14. Plaintiff's mother was diagnosed with cancer and needed Plaintiff's support.

15. The doctor stated that the paperwork would be sent to Defendant between May 17, 2024 - May 20, 2024.

16. The doctor's office sent the paperwork to Defendant during this timeframe.

17. Director, Carrie Donnelly, upon receipt of the paperwork keyed into Plaintiff's office and asked Plaintiff where she had been.

18. Plaintiff told Carrie that she had been at her mother's doctor appointment.

19. Defendant knew of Plaintiff mother's ongoing health issues and Plaintiff's absence had generally been allowed for lead to attend appointments during work hours.

20. Plaintiff had been attending her mother's appointments during work hours for at least a year.

21. Plaintiff's absences to attend these appointments were never an issue and Shannon Abernathy, Plaintiff's manager, was well aware of Plaintiff's circumstances.

22. Plaintiff had even contacted Human Resources to confirm that she was allowed to attend these appointments.

23. Human Resources told Plaintiff that because she is a salary employee, she just had to let Human Resources known if her absence was going to go over 3 hours.

24. Despite Defendant having this knowledge, they never provided Plaintiff with information regarding FMLA leave, and never let her know that her absences may be covered by the FMLA.

25. Carrie stated that she would contact Plaintiff's manager, Shannon, and that Plaintiff needed to discuss the absence with her manager.

26. Carrie asked if Shannon had reached out about this, and Plaintiff stated that she had not.

27. After that, Carrie started to aggressively yell at Plaintiff and continued to yell over her.

28. Plaintiff had no choice to deescalate this situation by going home, as Carrie would not calm down and was creating a hostile work environment.

29. From May 20, 2024, through May 24, 2024, Plaintiff worked as she normally would have.

30. Plaintiff went to colleges to meet with students and recruit for the internship program.

31. Also, Plaintiff went to a meeting with Geriatric facility for geriatric patients, which was normal for what Plaintiff had been doing this year.

32. Later, Plaintiff found out that Shannon was telling staff that Plaintiff was no longer with the organization.

33. On or about May 25, 2024, Plaintiff received a letter in the mail, dated May 21, 2024, stating Defendant accepted Plaintiff's resignation.

34. At no point did Plaintiff resign from the organization.

35. The letter was dated only a short time after Defendant received Plaintiff's FMLA paperwork.

36. In reality, Defendant terminated Plaintiff's employment in response to her request for FMLA leave.

4

37. Defendant interfered with Plaintiff's FMLA rights by failing to provide her with FMLA information or let her know that her absences could be covered by FMLA leave.

38. Over the past year of Plaintiff attending her mother's doctor appointments, at no point in time did Defendant explain Plaintiff's rights under FMLA nor did Defendant engage Plaintiff once receiving her FMLA paperwork.

39. On or about May 21, 2024, Defendant unlawfully terminated Plaintiff in retaliation for requesting FMLA leave to care for her mother.

40. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff requested and filed for FMLA leave.

## COUNT I
### Violation of the Family and Medical Leave Act
### (FMLA Interference - Unlawful Denial of FMLA Rights)

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. During 2017, Plaintiff became eligible for FMLA leave.

43. At all times material, Plaintiff gave proper notice to their employer by informing them of the serious medical condition of a family member, which required Plaintiff to be available to care for her mother who suffered from a medical condition – cancer.

44. Defendant controlled Plaintiff's work schedule and conditions of employment.

45. Plaintiff provided enough information to Defendant in order for Defendant to know that Plaintiff's potential leave was covered by the FMLA.

46. Plaintiff provided paperwork to Defendant to request FMLA under the direction of her mother's doctor.

5

47. Despite their knowledge of Plaintiff's mother's medical condition and life-threatening situation, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and interfered with Plaintiff's right to FMLA.

48. When Plaintiff's employer failed to notify Plaintiff of their eligibility status and rights under the FMLA and failed to notify Plaintiff whether the requested leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

49. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights by instead terminating Plaintiff's employment.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II:**
**Violation of the Family and Medical Leave Act**
**(FMLA Retaliation)**

52. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

53. Defendant terminated Plaintiff immediately after Plaintiff provide notice of a request for FMLA leave.

54. Defendant terminated Plaintiff because she requested FMLA leave as described above.

55. Specifically, Plaintiff requested FMLA leave when she submitted medical documentation and FMLA paperwork in order to care for her mother.

6

56. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

57. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

58. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a. Back pay;

   b. Payment of interest on all back pay recoverable;

   c. Front pay;

   d. Loss of benefits;

   e. Compensatory and punitive damages;

   f. Reasonable attorneys' fees and costs;

   g. Award pre-judgment interest if applicable; and

   h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 25th day of June, 2024.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*